IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MITCHELL AMOS,

    Plaintiff,

v.                                                         Civil Action No. 3:14CV821

MRS. SCOTT, et al.,

    Defendants.

**MEMORANDUM OPINION**

Mitchell Amos, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] For the reasons set for below, the Court will dismiss the action for failure to state a claim.

### I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

§ 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

While confined in the Rappahannock Regional Jail, (Compl. 4), Amos "slipped and fell and hurt [his] knee and to have surgery!" (Id. at 5.)[2] Amos blames his fall on Manager Scott, Supervisor Tyler, and Head of the Kitchen Hatcher ("Defendants") because "they store old grease where [Amos has] to move pallets of food into the stockroom . . . ." (Id.) Amos demands $2,000,000 in damages. (Id. at 6.)

## III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total

---

[2] The Court has corrected the capitalization in the quotations from Amos' Complaint.

4

Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Amos fails to identify any constitutional right allegedly abridged by Defendants. Furthermore, Defendants' alleged negligence in creating a slippery floor fails to implicate either the Eighth or Fourteenth Amendment.[3] Plyes v. Fahim, 771 F.3d 403, 410 (7th Cir. 2014) (citations omitted) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute [an unconstitutional] condition of confinement."); Matthews v. Hunt Cnty. Texas, No. 94-10553, 1994 WL 558999, at *1 (5th Cir. 1994) (concluding pretrial detainee's "assertion that the floor of the shower was wet and slippery is insufficient to establish an intent to punish" for purposes of the Fourteenth Amendment). Accordingly, Amos's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

---

[3] It is not clear from the Complaint whether Amos was a pretrial detainee or a convicted inmate. Conditions of confinement claims for pretrial detainees are governed by the Fourteenth Amendment rather than the Eighth Amendment, which applies to convicted prisoners. See Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001)

The Clerk is directed to send a copy of the Memorandum Opinion to Amos.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 27, 2015